

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID L. DIBBLE,

    Plaintiff,

     v.

FORSTER & GARBUS LLP,

    Defendant.

Civil Action No.:

**CV 12 5246**

LINDSAY, M.J.

### VERIFIED COMPLAINT
(Jury Trial Demanded)

    Plaintiff, David L. Dibble ("Plaintiff"), brings this action to secure redress against unlawful debt collection practices engaged in by defendant, Forster & Garbus LLP, ("Forster & Garbus" or "Defendant") and alleges as follows:

### JURISDICTION AND VENUE

    1.  The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k.

    2.  Venue in this Court is proper because (a) Defendant transacts business in this venue, (b) Defendant's collection activities to Plaintiff were conducted in this venue; and (C) Defendant's resides in this venue.

### NATURE OF THIS ACTION

    3.  In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendant for, *inter alia*, violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.* [hereinafter "FDCPA"]).

**PARTIES**

4.      Plaintiff is a natural person residing in the City of Rochester, County of Monroe, State of New York.

5.      Plaintiff is a consumer as that term is defined by Section 1692 (a)(3) of the FDCPA, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

6.      Upon information and belief, Defendant is a for-profit limited liability partnership organized and existing pursuant to the laws of the State of New York, and maintaining its principal business address at 60 Motor Parkway, Commack, New York 11725.

7.      Upon information and belief, Defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

**FACTS**

8.      At a time better known to Defendant, Defendant commenced the attempted collection of an alleged consumer debt allegedly owed by Plaintiff (the "Alleged Debt").

9.      Upon information and belief, the Alleged Debt Defendant was seeking to collect arose out of a transaction which was primarily for personal, family, or household purposes.

10.      Within one year preceding the filing of this action, on or about Wednesday August 22, 2012 at 12:40 p.m., Defendant's representative "Mckezzie" placed a telephone call to Plaintiff and left a voicemail message (the "Offending Message").

2

11.    The Offending Message, among other things, revealed personal and confidential information about the Alleged Debt including Defendant's efforts to collect the Alleged Debt from Plaintiff, the amount of the Alleged Debt and the identity of the alleged creditor.

12.    The Message was an attempt to collect a debt, and was left on a voicemail account which was reviewed by one or more third parties each of whom had the right and opportunity to perform such a review.

13.    The third party disclosure of personal and confidential information relating to the Alleged Debt was harassing and led to the embarrassment and humiliation of Plaintiff.

14.    Defendant and its employees harassed Plaintiff by making such unauthorized third party communications.

15.    Such conduct constitutes improper third party communications in violation of the FDCPA.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FDCPA**
**(15 .S.C. § 1692 et. seq.)**

16.    Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

17.    Defendant has violated the FDCPA in, *inter alia*, the following ways:

(a)    Defendant's conduct violated 15 US.C. §1692c(b) in that it communicated with someone other than the Plaintiff regarding the Alleged debt revealing personal and confidential information about the including Defendant's efforts to collect the Alleged Debt from Plaintiff, the amount of the Alleged Debt and the identity of the alleged creditor.

(b)    Defendant's conduct violated 15 US.C. §1692c(b) in that its communications with regard to Plaintiff were harassing, oppressing or abusive in connection with the collection a debt.

(c)    Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. §1692e.

18.    As a result and consequence of Defendant's violation of the FDCPA alleged herein, Plaintiff has been injured and is thus entitled to an award of damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

(a)    Actual damages 15 U.S.C. § 1692k(a)(1);

(b)    Statutory damages 15 U.S.C. § 1692k(a)(2);

(c)    Costs and reasonable attorney's fees 15 U.S.C. § 1692k(a)(3); and

(d)    Such other and further relief as may be necessary, just and proper.

Dated: Nyack, New York
       October 17, 2012

**THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By: _____
**ROBERT J. NAHOUM**
99 Main Street, Suite 311
Nyack, NY 10960
Telephone No.: (845) 450-2906
Facsimile No.: (888) 450-8640
Email: RJN@NahoumLaw.com

4

## VERIFICATION

STATE OF NEW YORK    )

COUNTY OF MONROE    )

David L. Dibble, being duly sworn deposes and says:

I am the plaintiff herein.  I affirm under penalty of perjury that I have read the foregoing Verified Complaint and know the contents thereof; that the same are true to my own knowledge except as to those matters stated to be upon information and belief; and as to those matters I believe them to be true.  The grounds of my information and belief as to matters not stated upon my knowledge are statements and/or personal records.

David L. Dibble

Sworn to Before Me This
15th day of October 2012

CHRISTINA L. PIRES
Notary Public in the State of New York
LIVINGSTON COUNTY, NEW YORK
My Commission Expires July 27, 20__

5